UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MANDI KEATING,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NCEP, LLC AND PRECISION RECOVERY, INC.,<br><br>　　　　Defendants. | CASE NO.<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Mandi Keating ("Plaintiff") brings this action against Defendants NCEP, LLC ("NCEP") and Precision Recovery, Inc. ("PRI") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as well as the Illinois Uniform Commercial Code, 810 Ill. Comp. Stat. 5/1-101 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in Peoria, Illinois.

5. NCEP is a company that regularly purchases consumer paper in the form of automobile loans.

1

6. NCEP is a "secured party" as defined by 810 Ill. Comp. Stat. 5/9-102(D).

7. PRI is an Illinois limited liability company that at all relevant times was acting as a repossession agent working at the behest of NCEP.

8. At all relevant times, PRI was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

9. PRI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Prior to January 30, 2023, Plaintiff purchased a 2011 Toyota Camry (the "Vehicle").

11. Plaintiff purchased the Vehicle for her own personal family and household use.

12. The Vehicle constitutes "consumer goods" as defined by 810 Ill. Comp. Stat. 5/9-102(23).

13. Plaintiff financed her purchase of the Vehicle.

14. As part of the sales contract for the Vehicle, Plaintiff gave the seller and its assignees a security interest in the Vehicle.

15. The Vehicle constitutes "collateral" as defined by 810 Ill. Comp. Stat. Ann. 5/9-102(12).

16. Thereafter, the sales contract for the Vehicle was assigned to Santander Consumer USA.

17. In 2015, Plaintiff filed for bankruptcy.

18. Upon information and belief, the debt secured by the Vehicle was purchased by NCEP.

19. Upon information and belief, NCEP purchased the debt at a deep discount.

20. As part of her bankruptcy, Plaintiff entered a reaffirmation agreement for the debt secured by the Vehicle.

21. Plaintiff tendered payment in full to NCEP under that reaffirmation agreement.

22. However, Plaintiff sent her first payment to NCEP in a money order sent via certified mail.

23. Upon information and belief, NCEP accidentally shredded or otherwise destroyed Plaintiff's first payment.

24. As a result, NCEP believed that Plaintiff had not paid approximately $200 due under the reaffirmation agreement.

25. Upon information and belief, the average price for a repossession is around $350.

26. Even though Plaintiff's alleged debt was around $200, NCEP elected to repossess the Vehicle.

27. NCEP's election to repossess the Vehicle, as opposed to utilizing other collection methods, was not commercially reasonable.

28. Nonetheless, NCEP hired PRI to repossess the Vehicle.

29. On or about January 30, 2023, PRI went to Plaintiff's home to repossess the Vehicle.

30. At the time PRI went to Plaintiff's home, Plaintiff had tendered payment in full under the reaffirmation agreement.

31. At the time PRI went to Plaintiff's home, Plaintiff believed she had fully satisfied her obligations under the reaffirmation agreement.

32. Plaintiff noticed PRI's arrival and, having fulfilled her obligations under the reaffirmation agreement, believed that PRI and NCEP had no right to repossess the Vehicle.

33. Plaintiff unequivocally protested the repossession and entered the Vehicle.

34. PRI refused to cease the repossession and leave.

35. Instead, PRI continued the repossession over Plaintiff's protest.

36. PRI collided with the Vehicle while Plaintiff occupied it and forced a tow bar under the Vehicle's tires

37. PRI then lifted the Vehicle into the air while Plaintiff occupied it.

38. The impact caused Plaintiff to impact the Vehicle's steering wheel with her stomach and her knee on the Vehicle's dash.

39. Plaintiff's daughter called the police for assistance.

40. An officer from the Peoria Police Department arrived on the scene.

41. PRI solicited the officer's assistance in the repossession.

42. The officer agreed to assist PRI with the repossession.

43. The officer told Plaintiff she had to leave the vehicle and allow it to be repossessed.

44. Plaintiff advised the officer that she had protested the repossession and that PRI had lifted the Vehicle after she had entered it.

45. The officer disregarded Plaintiff's assertions and advised that PRI had told him that she entered the Vehicle after PRI had lifted it.

46. Given the height of the Vehicle, it was improbable, if not impossible, that Plaintiff could have entered it as PRI alleged.

47. The officer advised that he was going to rip Plaintiff out of the Vehicle if she did not exit it voluntarily and that she was going to jail.

4

48. Facing violence and illegal arrest at the hands of the officer, Plaintiff exited the Vehicle and PRI completed the repossession.

49. But for the assistance by the Peoria Police Department, the repossession could not have been completed.

50. Thereafter, even though she had tendered payment in full under the reaffirmation agreement, NCEP required Plaintiff to pay an additional fee to retrieve the Vehicle.

51. With no other option, Plaintiff paid the additional fee and NCEP returned her Vehicle.

52. When the Vehicle was returned, it had been extensively damaged.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## PRI

53. Plaintiff repeats and re-alleges each factual allegation contained above.

54. Illinois law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." 810 Ill. Comp. Stat. 5/9-609(b)(2).

55. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. 810 Ill. Comp. Stat. 5/9-609(b)(1).

56. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

57. PRI breached the peace by continuing the repossession in the face of Plaintiff's unequivocal protest.

58. A repossession agent breaches the peace if it uses physical force during the repossession.

5

59. By colliding with the Vehicle and lifting it while Plaintiff occupied it, PRI used force on the body of Plaintiff and thus breached the peace.

60. Additionally, enlisting the help of law enforcement officers to assist in a repossession is a constructive use of force and a breach of the peace.

61. PRI breached the peace by enlisting the help of law enforcement officers to accomplish its repossession.

62. A repossession agent's breach of the peace negates a right to possession.

63. Additionally, at the time that NCEP and PRI undertook the repossession, they had no right to repossess the Vehicle because Plaintiff had tendered payment in full under the reaffirmation agreement.

64. Thus, PRI violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where there was no right to immediate possession of the Vehicle or the Vehicle was exempt by law from such dispossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that PRI violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

COUNT II
VIOLATION OF 810 ILL. COMP. STAT. 5/9-609(b)(2)
NCEP

65. Plaintiff repeats and re-alleges each factual allegation contained above.

66. Illinois law provides that secured parties may nonjudicially take possession of collateral so long as there is no "breach of the peace." 810 Ill. Comp. Stat. 5/9-609(b)(2).

67. "[S]ecured creditors . . . have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral." *Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19.

68. Nonetheless, NCEP's repossession agents breached the peace by continuing its repossession over Plaintiff's protest, using physical force on Plaintiff, and enlisting the help of law enforcement officers in the repossession.

69. NCEP violated 810 Ill. Comp. Stat. 5/9-609(b)(2) when its repossession agent, PRI, breached the peace to repossess the Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that NCEP violated 810 Ill. Comp. Stat. 5/9-609(b)(2);

   b) Awarding Plaintiff statutory damages, pursuant to 810 Ill. Comp. Stat. 5/9-625(c)(2);

   c) Awarding Plaintiff actual damages, pursuant to 810 Ill. Comp. Stat. 5/9-625(b);

   d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   e) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

70.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 23, 2023

                                            Respectfully submitted,

                                            <u>s/ Russell S. Thompson, IV</u>
                                            Russell S. Thompson, IV
                                            Thompson Consumer Law Group, PC
                                            11445 E Via Linda, Ste. 2 #492
                                            Scottsdale, AZ 85259
                                            Telephone: (602) 388-8898
                                            Facsimile: (866) 317-2674
                                            rthompson@ThompsonConsumerLaw.com
                                            Attorney for Plaintiff